Thomas D. Mahar, Jr., Esq. Informal Opinion Town Attorney No. 96-33 Town of Hyde Park 42 Catherine Street Poughkeepsie, N Y 12601
Dear Mr. Mahar:
You have asked whether a member of a town board of assessment review may hold simultaneously the position of police chief of another town.
We have found no statutory prohibition on the holding of these two offices. See, Town Law § 150 (establishment of a town police department); Real Property Tax Law § 525
(establishment of a board of assessment review). In the absence of a statutory prohibition, the question remains whether the offices are compatible under the common law rule of compatibility of offices.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status ordinarily easy to ascertain. The latter is not easily characterized, for one must analyze the duties of the two offices to determine whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, in instances where the positions are compatible, a situation may arise presenting a conflict of interests arising out of the simultaneous holding of the two positions. In such a situation the conflict can be avoided by declining to participate in the disposition of the matter.
A town board of assessment review is charged with the duty of hearing and determining appeals in relation to the assessment of real property within the town. Id., § 525. The chief of police of a town police department is generally responsible for the administration of the department. The chief of police is appointed by the town board, which also fixes his or her compensation. Town Law § 150(1).
A comparison of the duties and respective jurisdictions of these two positions leads us to find no conflict of duties. Accordingly, we conclude that one person may serve simultaneously as chief of police for one town and as a member of another town's board of assessment review.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY, Assistant Attorney General